IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-239-FL

| | | |
|---|---|---|
| MARY W. WYCHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 28, 29).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed an objection to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed applications for disability insurance benefits and supplemental security income on February 24, 2010, alleging disability beginning February 15, 2010. The applications were denied initially and upon reconsideration. A hearing was held on July 6, 2011, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

relevant time period in a decision dated August 25, 2011. The appeals council denied plaintiff's request for review on August 13, 2012, and plaintiff filed the instant action on October 12, 2012.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection,

2

the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 15, 2010, the date of her alleged onset of disability. At step two, the ALJ found that plaintiff had the following severe impairments: a depressive disorder, lumbar spine degenerative disc disease, diabetes mellitus, hypertension, and obesity. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, limited to simple, routine,

3

repetitive tasks in a low stress environment, but with capability of frequent contact with the public. In making this assessment, the ALJ found plaintiff's statements about her limitations not fully credible. At step four, the ALJ concluded plaintiff was not capable of performing her past relevant work. At step five, upon considering testimony of a vocational expert ("VE"), the ALJ determined that there were jobs that existed in significant numbers in the national economy that plaintiff is capable of performing.

B.     Analysis

In her objection, plaintiff does not direct the court to a specific error in the magistrate judge's M&R. Rather, she presents arguments criticizing the analysis of the ALJ, which arguments track those raised already in her motion for judgment on the pleadings. Indeed, apart from stating generally that she objects to the M&R on the basis of such arguments, she does not mention or reference a single portion of the M&R. In effect, plaintiff suggests that "any issue before the magistrate would be a proper subject of judicial review," but "[t]he Magistrates Act does not contemplate such an obviously inefficient use of judicial resources." Diamond, 416 F.3d at 315-16. Accordingly, the court need not perform a de novo review of the arguments raised. See id.

Nevertheless, out of an abundance of caution, undertaking de novo review of the M&R as a whole, and upon careful review of the record and applicable law, the court finds that plaintiff's arguments in support her motion for judgment on the pleadings are without merit. Where these arguments are addressed cogently in the M&R, the court adopts and incorporates the M&R herein. In addition, the court notes the following points pertaining to the arguments raised.

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence

4

in the record. She points to aspects of the testimony and medical records that the ALJ considered in his decision, which plaintiff claims support a finding of disability. The court may not, however, "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir.2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).

Here, while medical reports in the record documented plaintiff's impairments, including depression, hypertension, and back condition, as highlighted in plaintiff's motion, substantial evidence in the record supported the ALJ's determination that these impairments did not render plaintiff unable to work on a sustained basis. See Aytch v. Astrue, 686 F. Supp. 2d 590, 599 (E.D.N.C. 2010) (stating that a claimant bears the "burden of furnishing evidence supporting the existence of a condition and the effect of that condition on the claimant's ability to work on a sustained basis"). Indeed, as noted by the ALJ, none of the claimant's physicians reported that the claimant is disabled and/or unable to work. Rather, the reports and records from plaintiff's physicians provide clinical evidence that plaintiff was "physically and/or mentally stable and able to function." (Tr. 17; see Tr. 295-297, 335, 338, 359-60, 370, 373).

Plaintiff contends that the ALJ ignored certain evidence in the record. For example, she contends that "the ALJ totally ignored the records from Halifax Medical Specialist, P.A. and Dr. Maradiaga." (Obj. at 7) (citing Tr. 315, 320, 327, 332, 351). As a general rule, "remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision." Ivey

5

v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005). In this case, however, the ALJ did not, as plaintiff contends, ignore the records from Halifax Medical Specialist, P.A. and Dr. Maradiaga. To the contrary, the ALJ discussed the cited records as follows:

> Although the claimant received treatment from Halifax Medical Specialists for HTN, type II DM, pain, OA and/or depression, from 2007 to 2010, longitudinal records of physical examinations of the claimant revealed intact neurological functions and/or negative straight leg raises with no signs of physical deformities, acute distress or extremity edema. These objective findings indicated that the claimant was physically stable and able to function. In addition, evaluations of the claimant's psychiatric/mental functioning were also unremarkable, which evidenced that the claimant was also mentally stable. Furthermore, the claimant was strongly advised to watch her diet; which suggested that the claimant's medical condition (HTN and DM) would improve if the claimant complied with diet recommendations.

(Tr. 16 (citing Tr. 299-357)). While plaintiff notes references in these records to plaintiff's hypertension as "uncontrolled," none of these references were accompanied by any evidence of "the effect of that condition on the claimant's ability to work on a sustained basis." Aytch, 686 F. Supp. 2d at 599. Nor do they provide evidence of plaintiff's compliance with her physician's diet recommendations (e.g., Tr., 304, 306, 311, 315, 320). Cf. 20 C.F.R. § 404.1530 ("In order to get benefits, [claimant] must follow treatment prescribed by [claimant's] physician if this treatment can restore [claimant's] ability to work.").

Plaintiff also argues that the ALJ did not adequately consider a report of her treating psychiatrist, Dr. Mamedi, diagnosing plaintiff with "Major depression, recurrent, single episode severe with psychotic features." (Tr. 296). The ALJ, however, expressly recognized that plaintiff received treatment from Dr. Mamedi in 2009 for a "recurrent major depressive disorder," but noted that clinical records and testing "indicated moderate symptoms/difficulties," and that she was taking medication for her condition from 2007 to 2010. (Tr. 12). The ALJ also noted that during this time

6

plaintiff's treating physician records demonstrated that plaintiff's psychiatric/mental functioning were unremarkable, and the ALJ discussed additional mental examinations in the record evidencing only mild to moderate symptoms demonstrating ability to perform simple routine work. (Tr. 16-17). In this manner, the ALJ sufficiently explained his decision to enable meaningful review. And, the record includes substantial evidence in the record to support the ALJ's determination as to plaintiff's mental functional capacity (e.g., Tr. 295-297, 335, 359, 370).

Plaintiff contends, in addition, that the ALJ did not sufficiently credit her allegations of pain and other debilitating symptoms, including through her testimony at hearing. Again, however, the ALJ discussed plaintiff's testimony in his decision, as well as the medical evidence in the record demonstrating that plaintiff was able to function despite her impairments. (Tr. 15). Where this determination was supported by substantial evidence, including reports of plaintiff's treating physician, and additional examination reports in the record, (e.g., Tr. 338, 359-60, 373), the court does not undertake to re-weigh the evidence upon review. Mastro, 270 F.3d at 176.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the M&R, and upon considered review of the record, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 28), GRANTS defendant's motion for judgment on the pleadings (DE 29), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED, this the 28th day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge